**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MISTY D. POTTS, et al.,

               Plaintiffs,

v.                                      CIVIL ACTION NO.  2:23-cv-00738

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Camden-Clark Physician Corporation's Motion to Dismiss the plaintiff's Amended Complaint.  (ECF No. 15.)  For the reasons set forth below, the motion is **DENIED**.

*I.      BACKGROUND*

This action arises out of events that transpired in the fall of 2021 when Jerome A. Potts ("Decedent") sought medical care at West Virginia University ("WVU") Camden Clark Medical Center for flank pain, nausea, and vomiting.  (ECF No. 13 at 3, ¶ 9.)  Decedent arrived at the hospital on October 31, 2021.  (*Id.*)  After initial tests and examinations were done by PA-C Tabitha Thomas, Paul Abrams, M.D. ordered Decedent to be admitted to his service for further medical evaluation and care.  (*Id.* at 3, ¶¶ 9–13.)  Decedent's admitting diagnosis was "fever, unspecified cause, flank pain, nausea/vomiting and elevated troponin levels." (*Id.* at 3, ¶ 13.) After further evaluation, Dr. Abrams formed a differential diagnosis and a plan of care for Decedent.

(*Id.* at 4, ¶ 15.)  Then, Dr. Abrams handed off attending duties to Dustin Spencer, D.O.  (*Id.* at 4, ¶ 16.)

Dr. Spencer first examined Decedent on November 1, 2021.  (*Id.*)  At that time, no echocardiogram was ordered, and no cardiology consult was noted in Decedent's chart.  (*Id.*)  On November 5, 2021, a transesophageal echocardiogram was performed on Decedent.  (*Id.* at 4, ¶ 18.)  The results were reported to Dr. Spencer that day and included "moderate aortic stenosis, large perivalvular abscess and aortic vegetation."  (*Id.* at 4, ¶ 19 (internal quotations omitted).)  As a result of that finding, the Amended Complaint states that Dr. Spencer modified Decedent's "primary problem as endocarditis of the aortic valve, aortic valve vegetation and bacterial aortic valve abscesses," all of which, according to the Amended Complaint, are life-threatening conditions.  (*Id.*)  Decedent remained hospitalized with these conditions under the care of Dr. Spencer until November 10, 2021.  (*Id.* at 5, ¶ 20.)  The Amended Complaint alleges that during that time, Decedent's condition worsened, and Dr. Spencer placed no orders for consult from cardiology, cardiothoracic surgery, or any other specialty.  (*Id.*)

On November 10, 2021, Dr. Spencer handed off attending duties to John Onestinghel, M.D.  (*Id.* at 5, ¶ 21.)  On that same day, Dr. Onestinghel ordered a cardiology consult for Decedent "to see and evaluate [Decedent] and make any recommendations for further treatment."  (*Id.* at 5, ¶ 21.)  Two days later, Decedent's EMTALA Form for Transfer verified that transfer to Cleveland Clinic was medically appropriate because he needed his "heart valve replaced" which was "treatment not within facility capabilities."  (*Id.* at 6, ¶ 24.)  Decedent died on November 17, 2021, allegedly "as a direct result of the unnecessary delay and substandard medical care . . . at WVU's facility."  (*Id.* at 7, ¶ 25.)

2

Plaintiff Misty Potts ("Plaintiff"), Administrator of the Estate of Jerome Potts, commenced this action in this Court on November 14, 2023, invoking diversity jurisdiction under 28 U.S.C. § 1391. (ECF No. 1.)  The initial complaint named two defendants: WVU Board of Governors and Dustin Spencer, D.O.  (*Id.*)  On January 23, 2024, Plaintiff voluntarily dismissed with prejudice WVU Board of Governors from this case.  (ECF No. 11.)  Then, by stipulation, Plaintiff filed an Amended Complaint on January 26, 2024, which dismissed Dr. Spencer and substituted Defendant in his place; thereby making Defendant the only defendant remaining in this case.  (ECF No. 13; *see also* ECF No. 12.)  The Amended Complaint asserts two causes of action against Defendant. Count One is a claim for Medical Professional Liability, (*Id.* at 7–8), and Count Two is a claim for Wrongful Death, (*Id.* at 8).

Defendant filed the pending motion to dismiss on January 29, 2024.   (ECF No. 15.) Plaintiff filed her response in opposition on February 12, 2024, (ECF No. 21), and Defendant filed their reply on February 19, 2024, (ECF No. 26).  As such, this motion is fully briefed and ripe for adjudication.

## II.    *LEGAL STANDARD*

Defendant seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### A.  *Subject Matter Jurisdiction Under Rule 12(b)(1)*

A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute.  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  The motion can be presented in two ways.  First, the movant may claim that the jurisdictional allegations of the complaint are not true.  *Id.*  When this occurs, "'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the

proceeding to one for summary judgment.'" *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).  Second, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219.  When presented with the second contention, a court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protections he would receive under a Rule 12(b)(6) consideration.  *Id.*  A motion to dismiss under Rule 12(b)(1) should only be granted "'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (quoting *Richmond*, 945 F.2d at 768); *see also Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018).

   B.  *Motion to Dismiss Under Rule 12(b)(6)*

   A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint.  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007).  A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  In applying this standard, a court must utilize a two-pronged approach.  First, it must separate the legal conclusions in the complaint from the factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.*  Well-pleaded factual allegations are required; labels,

conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III.    DISCUSSION

Defendant argues that Plaintiff's Amended Complaint should be dismissed for allegedly failing to satisfy the West Virginia Medical Professional Responsibility Act's ("MPLA"), West Virginia Code § 55-7B-6, pre-suit notice requirements. Specifically, Defendant alleges that Plaintiff failed to provide "the requisite Notice of Claim and Screening Certificate of Merit prior to filing her Amended Complaint." (ECF No. 16 at 1.) However, as this Court has previously held, "dismissal of Plaintiff's state-law MPLA claims is not warranted on the basis that Plaintiff failed to comply with the MPLA's pre-suit notice requirements." *Johnson v. W. Va. Univ. Bd. Of Governors*, No. 2:21-cv-00380, 2022 WL 908496, at *13 (S.D. W. Va. March 28, 2022).

Prior to that holding, the United States Supreme Court held in *Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.* that a New York statute that precluded a class action to recover a penalty was invalid because it conflicted with Rule 23 of the Federal Rules of Civil Procedure. 559 U.S. 393 (2010). More than a decade after that opinion, the Fourth Circuit relied on *Shady Grove* in holding that since the MPLA's requirement of a pre-filing expert report for a claim of medical malpractice conflicted with the Federal Rules of Civil Procedure, the MPLA's requirements were invalid in federal court. *Pledger v. Lynch*, 5 F.4th 511 (4th Cir. 2021). *Pledger* involved an alleged

violation of the Eighth Amendment against the United States under the Federal Tort Claims Act ("FTCA").  *Id.*   In that case, the United States moved to dismiss Pledger's FTCA medical negligence claim, arguing that Pledger was required to comply with the MPLA's pre-suit notice requirements, and because he had not done so, his FTCA claims should be dismissed.  *Pledger*, 5 F.4th at 516.  Ultimately, the Fourth Circuit held that "failure to comply with West Virginia's MPLA [was] not grounds for dismissal of Pledger's federal-court FTCA action." *Id.* at 518.  Less than one year after *Pledger*, in *Johnson*, this Court held:

> [t]he applicability of the *Shady Grove* analysis is not limited to cases involving federal question jurisdiction—which was the case in *Pledger*—rather, cases involving diversity jurisdiction and supplemental jurisdiction are also within *Shady Grove*'s purview . . . . In cases involving medical negligence under the MPLA in federal court, *Pledger*'s holding is categorical: 'state-law certification requirements like West Virginia's [MPLA] are inconsistent with the Federal Rules of Civil Procedure, and thus displaced by those rules in federal court.' . . . It was of no consequence that Pledger's claims were brought pursuant to the FTCA and invoked the Court's federal question jurisdiction . . . . Similarly here, it is of no consequence that Plaintiff's claims were brought pursuant to the MPLA, thereby invoking this Court's supplemental jurisdiction. *Pledger*'s holding and the *Shady Grove* analysis set forth therein, are applicable in this case because it is in federal court, notwithstanding this Court's jurisdiction over Plaintiff's claims.

2022 WL 908496, at *13 (internal citations omitted).

Since the Fourth Circuit has held that the MPLA's pre-suit notice requirements are supplanted by the Federal Rules of Civil Procedure in federal court, Plaintiff's alleged failure to comply with the MPLA requirements does not warrant dismissal of her claims in this action in federal court.

Notably, one reason that Defendant argues that *Pledger* should not apply to this case is because in Defendant's view, *Pledger* was decided incorrectly.  (ECF No. 16.)  The holding in *Pledger* relied on Justice Scalia's concurrence in *Shady Grove*, which was a

plurality opinion. *Pledger*, 5 F.4th at 518–524; *see also Shady Grove*, 559 U.S. at 398–416 (Scalia, J.) (plurality opinion). However, Defendant asserts that Justice Stevens' concurrence controls in *Shady Grove*, rather than Justice Scalia's. (ECF No. 16.) Fortunately, this Court does not need to decide whether Defendant or the Fourth Circuit is correct because it is not this Court's prerogative to second-guess *Pledger*. *See Planned Parenthood S. Atl. v. Kerr*, 95 F.4th 152, 164 (4th Cir. 2024). After all, this Court is bound by the decision and analysis of the Fourth Circuit, not of Defendant.

Defendant also argues that *Johnson* was incorrect. (ECF No. 16.) However, *Johnson* did nothing more than recognize the hardly novel proposition that the Federal Rules apply to all claims in federal court, no matter their basis for jurisdiction. *Johnson*, 2022 WL 908496, at *12–13; *see also Pledger*, 5 F.4th at 518 (stating "the fundamental and uncontroversial point that the Federal Rules of Civil Procedure generally govern all civil actions in federal court.").

Like in *Pledger*, "the Federal Rules, not the MPLA, govern [Plaintiff's] claim in federal court." *Pledger*, 5 F.4th at 521. Therefore, Plaintiff did not need to comply with the pre-suit notice requirements of the MPLA to bring this action in federal court.

## IV.    CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion to Dismiss. (ECF No. 15.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        July 11, 2024

_____

THOMAS E. JOHNSTON, CHIEF JUDGE